IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA

V.  NO. 96-50001
    NO. 96-50017

DENNIS CORDES

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now before the Court are Defendant's Applications for Leave to Appeal In Forma Pauperis ("IFP"). (Docs. 329 and 107). The Government filed a response in Case No. 96-50001, asking the Court to issue an Order denying the motion for leave to appeal IFP, as the Defendant's appeal is frivolous. (Doc. 331). The motions have been referred to the undersigned, and the matters are now ripe for report and recommendation.

This case has a very lengthy and tortuous history. Defendant appealed his 372-month sentence imposed by the District Court after he pleaded guilty to attempting to manufacture methamphetamine and methcathinone, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1994). The Eighth Circuit Court of Appeals affirmed the sentence in 1997. United States v. Cordes, 116 F.3d 481, 1997 WL 330656 (8th Cir. 1997). Defendant also appealed his conviction and the 51-month sentence imposed by the District Court after a jury found him guilty of escape from custody, in violation of 18 U.S.C. § 751(a) (1994). The Eighth Circuit Court of Appeals also affirmed this judgment in 1997. United States v. Cordes, 116 F.3d 481, 1997 WL 330660 (8th Cir. 1997). Over the past fourteen years, the Defendant has filed over twenty post-conviction

type motions, the most recent being a "Motion to [sic] Challenging Authority of District Court Judges for the District of Arkansas," filed on June 16, 2011, in both of his criminal cases. (Docs. 321 and 99).[1] On September 9, 2011, United States District Judge Jimm Larry Hendren entered an Order, acknowledging Defendant's contention that the district judge was without jurisdiction to sentence him for the crime he committed, "because it is a United States District Court, which he contends is a 'territorial court,' rather than a 'District Court of the United States,' which he contends is the kind created under **Article 3** of the **United States Constitution."** Judge Hendren denied Defendant's motions, addressing the legal authority cited by Defendant and giving detailed reasons for the denial. (Docs. 323 and 101).

On September 30, 2011, Defendant filed Motions for Reconsideration of Judge Hendren's Orders (Docs. 324 and 102), and on October 5, 2011, Judge Hendren denied the Motions for Reconsideration. (Docs. 325 and 103).

On October 17, 2011, Defendant filed a Notice of Appeal in each of his criminal cases, appealing Judge Hendren's orders denying his motions challenging the district judge's authority and denying his motions for reconsideration. (Docs. 326 and 104).

By letters dated October 18, 2011, Defendant was advised by the Deputy Clerk that his Notices of Appeal had been filed and that "Filing a Notice of Appeal requires a filing fee of $455.00 or a completed Application To Proceed Without Prepayment of Fees and Affidavit." The deputy clerk advised Defendant that he must submit either the filing fee or a completed application immediately, enclosing an application. (Docs. 327 and 105).

On October 27, 2011, Defendant filed Motions for Leave to Appeal IFP. (Docs. 329 and

---

[1] Defendant filed an addendum to his motion on July 25, 2007. (Docs. 322 and 100).

107).

On November 2, 2011, Judge Hendren referred the Motions for Leave to Appeal IFP to the undersigned.

On November 4, 2011, the Government filed a response to Defendant's Motion for Leave to Appeal IFP in Case No. 96-50001, contending that Defendant's appeal of Judge Hendren's Order that he lacked judicial authority over his criminal action is clearly frivolous, and that accordingly, the Court should deny the motion as frivolous.  (Doc. 331).

28 U.S.C. § 1915(a)(3) provides:

**(3)**  An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides;

**(3) Prior Approval.**  A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
    **(A)** the district court-before or after the notice of appeal is filed - certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; ...

"Appellate review is not made in good faith when a litigant seeks review of issues that are frivolous when viewed from an objective standard."  See  Coppedge v. United States, 369 U.S. 438, 445 (1962).  A review of Defendant's motions and Judge Hendren's orders clearly indicate that Defendant's challenge to the judicial authority of the district court to impose sentence is frivolous.  As stated in Judge Hendren's order, Article 3 provides that the judicial power of the United States "shall be vested in one supreme court, and in such inferior courts as the Congress may from time to time ordain and establish," and Judge Hendren's court is one of

such "inferior courts." Judge Hendren thoroughly addressed Defendant's arguments, and Defendant's position is devoid of merit, and frivolous.

Based upon the foregoing, the Court hereby recommends that Defendant's Motions for Leave to Appeal IFP Judge Hendren's Orders denying Defendant's challenge to the court's right to impose sentence be denied in Case No. 96-50001 and Case No. 96-50017 (Docs. 329 and 107), as not being taken in good faith and frivolous.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 17th day of November, 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE